IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMINA DIAB,** <br><br> *Plaintiff,* <br><br> v. <br><br> **BRITISH AIRWAYS, PLC,** , <br><br> *Defendants*. | **CIVIL ACTION NO.:** _____ <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Amina Diab, by and through her undersigned attorneys, brings this action for damages against Defendant, British Airways, Plc. ("**British Airways**") and alleges the following:

## INTRODUCTION

1. In this action, Amina Diab seeks recovery of compensatory damages for severe and permanent injuries she sustained on board an international flight operated by British Airways from New York to London as Flight BA114 on August 5, 2018.

2. Ms. Diab brings this action pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on November 4, 2003), reprinted in S. Treaty Doc. No. 106-45, 1999 WL 33292734 (commonly known as the "**Montreal Convention**").

## JURISDICTION AND VENUE

3. This is a civil case arising under a treaty of the United States of America.

4. The United States of America ratified the Montreal Convention on November 4, 2003, and so is a State Party thereunder.

5. The United Kingdom of Great Britain and Northern Ireland ratified the Montreal Convention on June 28, 2004, and so is a State Party thereunder.

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and the Montreal Convention, Article 33.

7. Venue is proper in this District under 28 U.S.C. § 1391(d) in that British Airways is a corporation doing business within this District and has sufficient minimum contacts in this District to render the exercise of jurisdiction by this Court fair and proper as British Airways intentionally avails itself to markets within the Commonwealth of Pennsylvania through its promotion, distribution, and sale of transportation services in this State.

8. Venue is proper in this District under Article 33, Section 2 of the Montreal Convention because, at the time of the accident, Ms. Diab had her principal and permanent residence in the Commonwealth of Pennsylvania and British Airways operates services for the carriage of passengers by air, either on its own aircraft or on another carrier's aircraft pursuant to a grant of authority from the United States Department of Transportation.

**PARTIES**

9. Plaintiff, Amina Diab, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 124 Windsor Avenue, 2nd Floor, Upper Darby, Pennsylvania.

10. At both the filing of this Complaint and at the time of the accident that is the subject of this Complaint, Ms. Diab's principal and permanent residence was in Upper Darby, Pennsylvania 19082.

11. Defendant, British Airways, Plc, is an air carrier whose registered address is Waterside, PO Box 365, Harmondsworth, UB7 0GB, and whose registered agent is CT Corporation Systems, 116 Pine Street, #320, Harrisburg, PA 17101.

12. British Airways is a carrier that operates services for the carriage of passengers by air, to and/or from the United States of America, either on its own aircraft and/or on another

carrier's aircraft pursuant to a grant of authority from the United States America Department of Transportation.

## FACTUAL ALLEGATIONS

13. On August 5, 2018, British Airways owned, operated, supervised, controlled, leased and/or staffed a certain aircraft namely Boeing aircraft, and operated the flight as British Airways Flight BA114 from New York to London (the "**Flight**").

14. At all relevant and materials times, British Airways employed pilots, co-pilots, flight attendants, employees, flight crew members and/or agents who were responsible for the safe operation of the Flight.

15. At all relevant and material times, British Airways was required to provide passengers with the highest level of safety.

16. On August 5, 2018, Ms. Diab was a fare paying passenger lawfully aboard the Flight pursuant to a contract of carriage entered into between Ms. Diab and British Airways in the United States subject to the terms of the Montreal Convention.

17. During the Flight, Ms. Diab sustained serious and permanent injuries as alleged herein.

18. At all relevant times on or before August 5, 2018, British Airways was responsible for the training, management, supervision and/or control of the flight crew aboard the Flight, including but not limited to, requiring that the flight crew adhere to all applicable safety policies and procedures.

19. At all relevant times on or before August 5, 2018, British Airways was responsible for the training, management, supervision and/or control of the flight crew aboard the Flight,

including, but not limited to requiring that their employees, servants, agents and/or representatives provide the passenger on board the Flight with the highest level of safety.

20. During the Flight, after take-off and climb out to cruise level flight, the subject aircraft was involved in an accident within the meaning and intent of Article 17(1) of the Montreal Convention when it encountered an unexpected or unusual event or occurrence external to Ms. Diab, which consisted of severe and extreme turbulence which caused Ms. Diab to suffer serious harm.

21. More specifically, after seeing that the seat belt sign was turned off, Ms. Diab walked down the aisle and entered the lavatory when, without warning, she was violently thrown about the lavatory causing her to rotate forcefully about her right knee causing Ms. Diab to suffer immediate severe pain to her right knee.

22. Ms. Diab pressed the emergency call button and the flight crew responded.

23. Ms. Diab was provided with ice and pain relief medication and a report was made.

24. Subsequently, on August, 6, 2018, after Ms. Diab arrived at her final destination, Ms. Diab presented to the Hôpital privé Pays de Savoie in France seeking emergency treatment for pain in her knee.

25. However, due to the extensive swelling of her right knee and the need for more sensitive imaging, no additional diagnosis or care could be rendered at that time.

26. On August 9, 2018, Ms. Diab presented to Hôpitaux du Pays du Mont-Blanc, again complaining of pain to her right knee.

27. It was determined that Ms. Diab suffered a severe knee sprain, with a probable ruptured ACL, however a definitive diagnosis was not able to be rendered at such time.

28. Upon returning home, on September 8, 2018, Ms. Diab presented to the Delaware County Memorial Hospital Emergency Department again complaining of right knee pain.

29. Ms. Diab was evaluated and diagnosed with abnormal tenderness and swelling of the knee and instructed to follow-up with an orthopedic surgeon immediately.

30. As a result of this incident, imaging including an MRI and evaluation confirms that Ms. Diab suffered a lateral patellar dislocation with bone marrow contusions of the anterior lateral femoral condyle and medial and inferior patella, as well as sprain of the posterior medial patellofemoral ligament; and a sprain of the proximal medial collateral ligament and has had to undergo months of physical therapy and draining of her knee.

31. As a result of this incident, Ms. Diab has suffered and suffers from:

    a. Injuries to her right knee;

    b. Past and future pain and suffering;

    c. Past and future mental anguish;

    d. Past and future humiliation;

    e. Past and future embarrassment;

    f. Past and future loss of life's pleasures and enjoyment of life;

    g. Past and future medical expenses; and

    h. Other injuries the full extent of which are not presently known.

32. Ms. Diab's injuries are serious and permanent.

33. Ms. Diab's injuries resulted from an accident pursuant to Article 17 of the Montreal Convention in that her injuries were caused by an unexpected or unusual event or occurrence external to her and not caused by her internal reaction to the normal operation of the aircraft.

34. Under Article 17(1) of the Montreal Convention, British Airways is strictly liable for the injuries Ms. Diab sustained in the course of her international carriage by air.

## COUNT I
### STRICT CARRIER LIABILITY UNDER 21(1) FOR DAMAGES NOT EXCEEDING 128,821 SPECIAL DRAWING RIGHTS

35. Plaintiff, Amina Diab, incorporates by reference the preceding paragraphs as though they were fully set forth at length here.

36. Under Article 21(1) of the Montreal Convention, British Airways agreed to waive the monetary limits of the Warsaw Convention and to be strictly liable up to a limit of 128,821 Special Drawing Rights (SDRs), or approximately $175,000.00 in U.S. currency, with respect to passenger injury sustained on an aircraft as a result of an accident within the meaning of Article 17(1) of the Montreal Convention.

37. The damages alleged by Ms. Diab exceed 128,821 SDRs and were caused by an accident that resulted in bodily and mental injury to her during the course of her international transportation aboard the Flight on August 5, 2018.

38. By reason of the foregoing, British Airways is strictly liable to Ms. Diab in an amount not in excess of 128,821 SDRs (or approximately $175,000.00).

WHEREFORE, Plaintiff, Amina Diab, demands judgment against British Airways for damages not in excess of 128,821 SDRs (or approximately $175,000.00), exclusive of interest, costs and attorney's fees and such other relief as this Court deems just and proper.

## COUNT II
### STRICT LIABILITY UNDER THE MONTREAL CONVENTION FOR DAMAGES EXCEEDING 128,821 SPECIAL DRAWING RIGHTS

39. Plaintiff, Amina Diab, incorporates by reference the preceding paragraphs as though they were fully set forth at length here.

40. Under Article 21(2) of the Montreal Convention, American Airlines defendants are liable for damages in excess of 128,821 Special Drawing Rights (SDRs), or approximately $175,000.00 in U.S. currency, with respect to passenger injury sustained on an aircraft as a result of an accident during international air travel within the meaning of Article 17(1) of the Montreal Convention, unless it can prove that the injury was not due to their negligence or other wrongful act or omission.

35. British Airways cannot meet its burden of proving that its negligence did not cause or contribute to the accident and the resulting injuries to Amina Diab.

36. Ms. Diab's injuries and her resulting damages as set forth herein were not in any way due to her fault.

37. British Airways cannot meet its burden of proving that the injuries suffered by the plaintiff were caused solely by the acts of third parties.

38. By reason of the forgoing, plaintiff has sustained compensatory damages for which British Airways is liable to plaintiff in excess of 128,821 SDRs in a specific amount to be determined at the trial of this action.

WHEREFORE, Plaintiff, Amina Diab, demands judgment against British Airways for damages in excess of 128,821 SDRs (or approximately $175,000.00), exclusive of interest, costs and attorney's fees and such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

    Plaintiff demands a trial by jury of all the issues.

Dated: July 31, 2020        By:    /s Eric H. Weitz
                                        Eric H. Weitz, Esquire (PA 65514)
                                        Max S. Morgan, Esquire (PA 316096)
                                        THE WEITZ FIRM, LLC
                                        1528 Walnut Street, 4th Floor
                                        Philadelphia, PA 19102
                                        (267) 587-6240
                                        Facsimile (215) 689-0875
                                        Co-*Counsel for Plaintiff*

                                By:    /s Vincent S. Dicioccio
                                        Vincent S. Dicioccio, Esquire (PA 64652)
                                        LAW OFFICE OF VINCENT S. DICIOCCIO
                                        P.O. Box 788
                                        Bryn Mawr, PA 19010-0788
                                        (610) 527-9300
                                        Facsimile (610) 527-9383
                                        Co-*Counsel for Plaintiff*