# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMINA DIAB<br><br>              Plaintiff,<br><br>v.<br><br>BRITISH AIRWAYS, PLC<br><br>           Defendant, | Case No. 20-cv-3744<br><br><br>Hon. Berle M. Schiller |

## ORDER

AND NOW, this _____ day of _____, 20___, upon consideration of the

Motion to Dismiss Pursuant to FRCP 12(b)(2) on behalf of Defendant British Airways, PLC

("British Airways"), any response by Plaintiff Amina Diab ("Diab"), and for good cause shown,

it is hereby **ORDERED** and **DECREED** that British Airways' Motion to Dismiss is **GRANTED**;

and Counts I and II of Diab's Complaint are dismissed with prejudice.


BY THE COURT:


_____
                                 J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMINA DIAB

                Plaintiff,

v.

BRITISH AIRWAYS, PLC

              Defendant,

Case No. 20-cv-3744

Hon. Berle M. Schiller

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant British Airways Plc. ("British Airways") respectfully moves this Court, pursuant to Federal Rule Civil Procedure 12(b)(2), to dismiss with prejudice Counts I and II of the Complaint for lack of personal jurisdiction over British Airways (Dkt. 1). In support thereof, British Airways incorporates herein by reference the attached memorandum of law and declaration of Jacqueline S. Bowley. A proposed Order is attached hereto.

Dated: October 13, 2020

              Respectfully submitted,

              CLARK HILL PLC

              By/s/ *Lisa Carney Eldridge*
              Lisa Carney Eldridge
              PA ID. No. 62794
              Two Commerce Square
              2001 Market Street, Suite 2620
              Philadelphia, PA 19103-7042
              (215) 640-8514
              Fax (215) 640-8501

              -and-

CONDON & FORSYTH LLP

By_____

    Anthony U. Battista
    (pending admission *pro hac vice*)
    Marissa N. Lefland
    (pending admission *pro hac vice*)
    Samantha Holloway
    (pending admission *pro hac vice*)

CONDON & FORSYTH LLP
7 Times Square
New York, New York 10036
Tel: (212) 490-9100
Fax (212) 370-4453

*Attorneys for Defendant*
BRITISH AIRWAYS PLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMINA DIAB | Case No. 20-cv-3744 |
| Plaintiff, | |
| v. | |
| | Hon. Berle M. Schiller |
| BRITISH AIRWAYS, PLC | |
| Defendant, | |

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS PURSUANT TO FRCP 12(b)(2)**

---

## I.      PRELIMINARY STATEMENT

Defendant British Airways Plc. (hereinafter "British Airways"), by and through its attorneys, Condon & Forsyth LLP and Clark Hill PLC, respectfully submits this Memorandum of Law in support of its Motion to Dismiss Pursuant to FRCP 12(b)(2).

Plaintiff alleges that she was injured while traveling on a British Airways flight from New York to London.  British Airways is headquartered in the United Kingdom and maintains its principal place of business there.  Additionally, there is no allegation that British Airways engaged in any conduct within the Commonwealth of Pennsylvania that relates to or gave rise to this incident.

Accordingly, this Court lacks personal jurisdiction over British Airways, and this action should be dismissed.

## II.      FACTUAL BACKGROUND

Plaintiff was a passenger on British Airways flight BA 114 from New York to London on August 5, 2018.  *See* Complaint, attached hereto as Exhibit A, ¶1.  Plaintiff alleges that she

sustained a physical injury when she fell in the lavatory as a result of turbulence.  *Id.* ¶¶ 20-21.
Plaintiff does not allege that any conduct relating to or giving rise to the incident occurred in
Pennsylvania.

Plaintiff is a resident of Pennsylvania.  *Id.* ¶ 9.  British Airways is incorporated in the
United Kingdom and maintains its principal place of business in Harmondsworth, England.  *See*
Declaration of Jacqueline Bowley, dated October 9, 2020 ("Bowley Decl."), ¶ 4.

## III.   LEGAL STANDARD

On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2),
plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish
jurisdiction over the defendant.  *See Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d
Cir. 1992).  To meet its burden of proof, plaintiff must "establish jurisdictional facts through sworn
affidavits or other competent evidence." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d
61, 66 n.9 (3d Cir. 1984).

A court may exercise personal jurisdiction over an out-of-state defendant only when the
defendant has "certain minimum contacts with [the State] such that the maintenance of the suit
does not offend 'traditional notions of fair play and substantial justice.'"  *Goodyear Dunlop Tires
Ops., S.A. v. Brown*, 564 U.S. 915, 923 (2011) (quoting *Int'l Shoe Co v. Washington*, 326 U.S.
310, 316 (1945)).  Minimum contacts may be established through a theory of general jurisdiction
or specific jurisdiction.

## IV.   ARGUMENT

### A.   This Court Lacks General Jurisdiction Over British Airways

A court has general jurisdiction over an out-of-state company only if the company's
"affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home
in the forum State."  *Goodyear*, 564 U.S. at 919.  A company is "essentially at home" in the place

where it is incorporated or where it maintains its principal place of business.  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  In an "exceptional case," a corporation may be deemed "at home" in another State when it engages in operations that are "so substantial and of such a nature as to render [it] at home in that State."  *Id.* n.19.  The Third Circuit has recognized that "it is 'incredibly difficult to establish general jurisdiction [over a corporation] in a forum *other* than the place of incorporation or principal place of business.'"  *See Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016) (emphasis in original) (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)).

In this case, there is no allegation that British Airways is incorporated in the Commonwealth of Pennsylvania or maintains its principal place of business in Pennsylvania. Indeed, British Airways is incorporated in the United Kingdom and maintains its principal place of business in Harmondsworth, England.  *See* Bowley Decl. ¶ 4; *see generally Brauner v. British Airways Plc.*, No. 12-cv-343, 2012 WL 1229507, at *5 (E.D.N.Y. Apr. 12, 2012) (finding, for purposes of 28 U.S.C. § 1332(c), that British Airways is incorporated in England and maintains its principal place of business there).

Plaintiff's allegations in the Complaint that British Airways "intentionally avails itself to markets" within Pennsylvania and transports passengers by air in Pennsylvania (Compl. ¶¶ 7-8) do not suffice to establish general jurisdiction over British Airways.  "Continuous and systemic contacts with a forum alone is no longer sufficient to establish general personal jurisdiction over a defendant."  *See Bomberger v. Am. Airlines*, No. 17-5298, 2018 WL 3416386, at *3 (E.D. Pa. July 12, 2018) (holding that the court lacked personal jurisdiction over American Airlines "even if Plaintiffs could demonstrate that [its] contacts with this forum are continuous and systemic"); *see also Mali v. British Airways*, No. 17 Civ. 685, 2018 WL 3329858, at *6 (S.D.N.Y. July 6, 2018)

(holding that the court lacked general jurisdiction over British Airways even though British Airways maintained an office in New York and operated flights into and out of New York airports, reasoning that "these contacts do not rise to the level required to 'render Defendant essentially at home in [New York]'") (quoting *Goodyear*, 564 U.S. at 919).

For these reasons, British Airways' contacts with Pennsylvania are insufficient to support general jurisdiction here.

As a final matter, Plaintiff asserts in the Complaint that "venue" is proper in this Court under Article 33(2) the Montreal Convention,[1] a treaty of the United States which exclusively governs this action, because Plaintiff resides in Pennsylvania.  Compl. ¶ 8.  In opposition to this Motion, Plaintiff might argue that this Court has jurisdiction over British Airways for the same reason.  However, as one Court in the Third Circuit recently observed, "'courts have consistently concluded that the Montreal Convention affords subject matter jurisdiction, *not* personal jurisdiction.'"  *See Davydov v. Scandinavian Airlines System*, No. 2:19 Civ. 17628 (MCA) (JAD) (D.N.J. Oct. 5, 2020) (Dkt. 28 at 2) (copy attached hereto as Exhibit B) (quoting *Royal & Sun Alliance Ins. PLC v. UPS Supply Chain Solutions, Inc.*, No. 16 Civ. 9791, 2018 WL 1888483 at *3 (S.D.N.Y. Apr. 5, 2018)) (emphasis in *Royal & Sun*).[2]  While the Montreal Convention allows a plaintiff to bring a personal injury claim against a carrier in any of five enumerated jurisdictions,

---

[1] Convention for the Unification of Certain Rules Relating to International Carriage by Air, concluded at Montreal, Canada, opened for signature on May 28, 1999, reprinted in S. Treaty Doc. 106-45, CCH Av. L. Rep. ¶ 27, 400-59, 1999 WL 33292734 (1999).

[2] *See also Tucker v. British Airways PLC*, No. 2:16-cv-00618, 2017 WL 6389302, at *3 (W.D. Wash. Dec. 14, 2017) (Article 33 "establishes subject matter jurisdiction; it does not confer personal jurisdiction"); *Sampson v. Delta Air Lines, Inc.*, No. 2:12 Civ. 244, 2013 WL 6409865, at *1 (D. Utah Dec. 9, 2013) (same); *Weinberg v. Grand Circle Travel, LCC*, 891 F. Supp. 2d 228, 237-38 (D. Mass. 2012) ("Even if plaintiffs establish subject matter jurisdiction under the Montreal Convention, the court still has to address the issue of personal jurisdiction.").

it "can only confer subject matter jurisdiction over a matter upon the courts of the United States as a whole," and "does not determine the existence of personal jurisdiction in any particular Federal court." *See Romero v. Argentinas*, 834 F. Supp. 673, 677-78 (D.N.J. 1993).[3]

Thus, whether this Court has treaty jurisdiction over this action under Article 33 of the Montreal Convention has no bearing on whether this Court also has personal jurisdiction over British Airways, and the Court should dismiss this action notwithstanding Plaintiff's residence in Pennsylvania.

### B.       This Court Lacks Specific Jurisdiction Over British Airways

"[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (citations and internal quotations omitted). To establish specific jurisdiction, Plaintiff must demonstrate that: (1) British Airways purposefully directed its activities at the Commonwealth of Pennsylvania; and (2) Plaintiff's cause of action 'arises out of or relate[s] to' one of those activities. *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). If these two requirements are met, the court may consider whether exercise of jurisdiction "otherwise comports with fair play and substantial justice." *See id.*

With respect to the element of purposeful direction of activities at Pennsylvania, Plaintiff alleges only that British Airways conducts business in Pennsylvania and operates and advertises

---

[3] Furthermore, "the Montreal Convention expressly provides that 'questions of procedure shall be governed by the law of the court [seized] of the case,'" and as such, the Convention "does not affect a court's interpretation and application of its own procedural rules" as to personal jurisdiction and service of process. *Sampson*, 2013 WL 6409865, at *2 (quoting Convention Art. 33(4)) (quotation marks and alterations omitted).

5

flights to Pennsylvania.  However, "the mere fact that Defendant has planes that depart from, and land in, the forum state does not mean that Defendant 'deliberately reached into Pennsylvania to target . . . its citizens.'"  *Bomberger*, 2018 WL 3416386, at *2 (holding the court lacked personal jurisdiction despite plaintiff's flight having originated in Philadelphia and allegations that the defendant airline was a "prominent air carrier" within Pennsylvania) (quoting *O'Connor*, 496 F.3d at 318); *see also Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (No personal jurisdiction notwithstanding defendant's operation of aircraft in the forum state.).

Even if Plaintiff could show that British Airways engaged in conduct aimed at Pennsylvania, she does not allege that these activities relate to the conduct giving rise to this litigation.  Plaintiff's flight departed from New York and landed in London.  She alleges that she was injured during flight while the aircraft was at cruise altitude.  *See* Compl. ¶ 20.  In other words, each and every act that serves as the basis for Plaintiff's claims occurred outside of Pennsylvania.  Thus, Plaintiff's "cause of action does not arise out of or relate to" Defendant's "[Pennsylvania]-related activities."  *See Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 565 (3d Cir. 2017).

Because Plaintiff cannot show that British Airways purposefully directed its activities into the Pennsylvania or that her injury arises from or is related to these activities, there is no specific jurisdiction over British Airways in Pennsylvania.

## V.    CONCLUSION

For the foregoing reasons, this Court lacks personal jurisdiction over Defendant British Airways, PLC., and this action should be dismissed.

Dated: October 13, 2020

Respectfully submitted,

CLARK HILL PLC

By: /s/ *Lisa Carney Eldridge*
Lisa Carney Eldridge
PA ID. No. 62794
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103-7042
(215) 640-8514
Fax (215) 640-8501

-and-

CONDON & FORSYTH LLP

By _____

    Anthony U. Battista
    (pending admission *pro hac vice*)
    Marissa N. Lefland
    (pending admission *pro hac vice*)
    Samantha Holloway
    (pending admission *pro hac vice*)

CONDON & FORSYTH LLP
7 Times Square
New York, New York 10036
Tel: (212) 490-9100
Fax (212) 370-4453

*Attorneys for Defendant*
BRITISH AIRWAYS PLC

## **CERTIFICATE OF SERVICE**

I, Lisa Carney Eldridge, hereby certify that on October 13, 2020, I caused the foregoing Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) to be electronically filed with this Court, where it is available for viewing and downloading from the Court's ECF system.

/s/ *Lisa Carney Eldridge*
Lisa Carney Eldridge